## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, and HOWARD McDOUGALL, trustee,<br><br>Plaintiffs,<br><br>v.<br><br>SMELTZER ENTERPRISES INCORPORATED d/b/a WHITE TOWER INDUSTRIAL LAUNDRY & CLEANERS, a Michigan corporation,<br><br>Defendant. | Case No. 07 C 3648<br><br>Magistrate Judge Ashman |

## PLAINTIFFS' MOTION FOR PROVE UP OF DAMAGES

NOW COME Plaintiffs Central States, Southeast and Southwest Areas Pension Fund ("Pension Fund") and Howard McDougall, trustee, and by and through their attorney submit this Motion for Prove Up of Damages. In support of their Motion, Plaintiffs state as follows:

1. On December 12, 2007, this Court issued an order granting Plaintiffs' Motion for Summary Judgment as to the issue of liability.

2. This Court held that Defendant Smeltzer Enterprises, Inc. d/b/a White Tower Industrial Laundry & Cleaners ("White Tower") owes delinquent monthly contributions and interest to the Pension Fund pursuant to the collective bargaining agreement with Local Union 51 which was never terminated. (Memorandum Opinion and Order, p. 4).

3.     This Court also held that White Tower's liability for contributions to the Pension Fund "could only be terminated by written notice to [the Pension Fund]." (Memorandum Opinion and Order, p. 9).

4.     To date, the Pension Fund has not received such written notice from White Tower. (See Affidavit of JoEvelyn George-Roberson ¶5 ("George-Roberson Affidavit"), attached as <u>Exhibit A</u>).

5.     Therefore, White Tower's contribution obligation remains ongoing and White Tower owes the Pension Fund monthly contributions for the period April 1, 2007 through January 4, 2008, totaling $18,034.08. (George-Roberson Affidavit ¶10).

6.     Pursuant to 29 U.S.C. § 1132(g)(2), the Pension Fund is entitled to the following relief when prevailing in an action under 29 U.S.C. § 1145:

   (i)    the unpaid contributions;
   (ii)   interest on the unpaid contributions;
   (iii)  an amount equal to the greater of the interest or liquidated damages as provided under the Plan in an amount not in excess of twenty percent (20%) of the unpaid contributions; and
   (iv)   reasonable attorneys' fees and costs.

7.     As this Court held: "The terms of [White Tower's] relationship with [the Pension Fund] were further defined in a Pension Fund Trust Agreement. The Trust Agreement provides for interest and/or liquidated damages to be paid by [White Tower] in the event of delinquent contributions." (Memorandum Opinion and Order, p. 2).

8.     Pursuant to the terms of the Pension Fund's Trust Agreement, the Pension Fund is entitled to pre-judgment interest on the entire outstanding balance at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th)

day of the month for which interest is charged and shall be compounded annually. (George-Roberson Affidavit ¶12).

9. Through January 4, 2008, Defendant owes the Pension Fund the total amount of $502.54 in interest on the $18,034.08 in unpaid employer contributions. (George-Roberson Affidavit ¶13).

10. Pursuant to the terms of the Pension Fund's Trust Agreement, the Pension Fund is entitled to the greater of doubled interest or liquidated damages in the amount of twenty percent (20%) of unpaid employer contributions. (George-Roberson Affidavit ¶14). Thus, the Defendant owes $3,606.82 in liquidated damages on the unpaid contributions (0.20 x $18,034.08 = $3,606.816).

11. An employer is also liable for liquidated damages on the contributions that are owed when suit is filed, even if they were subsequently paid. Gilles v. Burton Constr. Co., 736 F.2d 1142 (7th Cir. 1984); Carpenter's Amended and Restated Health Benefit Fund v. John W. Ryan Construction Co., 767 F.2d 1170 (5th Cir. 1985); Chicago Dist. Council of Carpenters Pension Fund v. Industrial Erectors, Inc., 840 F.Supp. 1248 (N.D. Ill. 1993). Therefore, White Tower also owes liquidated damages on the contributions from November 2006 through April 2007 that were paid after suit was filed. The liquidated damages owed on the contributions that have been paid total $857.18 (0.20 x $4,285.92 = $857.184).

12. Pursuant to the provisions of the Pension Fund's Trust Agreement and ERISA, 29 U.S.C. § 1132(g)(2)(D), Defendant is required to pay all attorneys' fees and costs incurred in connection with this case. The attorneys' fees total $11,853.00 and

costs total $506.25.  (See Affidavit of Laura B. Bacon attached hereto as <u>Exhibit B</u>).

13. Thus, the total amount owed by Defendant is as follows:

| | |
|---|---:|
| Unpaid contributions through 1/4/08: | $18,034.08 |
| Interest | 502.54 |
| Liquidated Damages on Unpaid Contributions | 3,606.82 |
| Liquidated Damages on Paid Contributions | 857.18 |
| Attorneys Fees and Court Costs | 12,359.25 |
| **TOTAL** | **$35,359.87** |

14. Under the Pension Fund's Plan, interest on a judgment entered against an employer is computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the months for which the interest is charged. (George-Roberson Affidavit ¶17); See also <u>Central States, Se. & Sw. Areas Pension Fund v. Bomar Nat'l, Inc.</u>, 253 F.3d 1011 (7th Cir. 2001).

**WHEREFORE**, Plaintiffs Central States Southeast and Southwest Areas Pension Fund and Howard McDougall, trustee, pray for entry of judgment in the total amount of $35,359.87 in favor of Plaintiffs and against Defendant Smeltzer Enterprises Incorporated d/b/a White Tower Industrial Laundry & Cleaners, a Michigan corporation as follows:

(A) For the past due employer contributions in the amount of $18,034.08; together with interest in the amount of $502.54; liquidated damages in the amount of $4,464.00; attorneys' fees in the amount of $11,853.00; and costs in the amount of $506.25.

(B) That this Court award Plaintiffs post-judgment interest computed at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which interest is charged;

(C) That this Court retain jurisdiction to enforce the provisions of its Order; and

(D) For such other relief deemed just and proper.

Respectfully submitted,

/s/ Laura B. Bacon
Laura B. Bacon
Attorney for Plaintiffs
Central States, Southeast and
Southwest Areas Pension Fund
9377 W. Higgins Road
Rosemont, Illinois 60018-4938
(847)518-9800, Ext. 3704
ARDC No. 6288982
lbacon@centralstatesfunds.org